**Resnick Nirenberg & Siegler**
*A Partnership of Professional Corporations*
100 Eagle Rock Avenue, Suite 3001
East Hanover, New Jersey 07936
(973) 781-1204
Attorneys for Plaintiff
Gerald J. Resnick (GJR-5741)
GResnick@njemploymentlawfirm.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JEFFREY MATFUS, M.D.,**<br><br>Plaintiffs,<br><br>vs.<br><br>**TOWNSHIP OF RIVER VALE, JOSEPH BLUNDO, HOLLY SCHEPISI, DWIGHT D. DE STEFAN, GLEN JANONOWSKI, MARK BROMBERG, DENISE SEIG, RIVER VALE BOARD OF EDUCATION, AARON BACK, ROBERT RYAN, LORRAINE WALDES, DAVID VERDUCCI, KELLY IPPOLITO, and JOHN DOES 1-5,**<br><br>**Defendants**. | Civil Action No.<br><br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Jeffrey Matfus, M.D., residing at 692 Alden Court, River Vale, New Jersey 07675, by way of Complaint against Defendants Township of River Vale, Joseph Blundo, Holly Schepisi, Dwight D. De Stefan, Glen Janonowski, Mark Bromberg, Denise Seig, River Vale Board of Education, Aaron Back, Robert Ryan, Lorraine Waldes, David Verducci, Kelly Ippolito, and John Does 1-5, alleges and says as follows:

## JURISDICTION AND VENUE

1.	The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).  The supplemental jurisdiction of this Court over state claims is invoked pursuant to 28 U.S.C. § 1367(a).

2.	Venue is proper within this District because the unlawful actions complained of herein occurred within the District of New Jersey.

3.	The causes of actions alleged herein seek to redress the deprivation, under the color of state law, policy, practice and custom, of rights including but not limited to rights secured by the United States Constitution and the New Jersey Constitution, and to recover damages, costs, attorney fees and equitable relief pursuant to 42 U.S.C. § 1983, the New Jersey Civil Rights Act, N.J.S.A. 10:6-1, *et seq.*, 42 U.S.C. § 1988, and the First, Fifth, and Fourteenth Amendments to the United States Constitution.

4.	The actions (and inactions) alleged herein were committed by the individual Defendants were taken by the individual Defendants as officials, agents and/or employees of the Township of River Vale, pursuant to governmental policy, practice, and/or custom and under color of law.

## PARTIES

5.	Defendant Township of River Vale is a township located in Bergen County, New Jersey.  Defendant River Vale's principal place of business is 406 River Vale Road, River Vale, New Jersey 07675.

6. Defendant Joseph Blundo, an individual, resides in the state of New Jersey. Defendant Blundo is the Mayor of Defendant River Vale. Defendant Blundo is being sued individually and in her official capacity.

7. Defendant Holly Schepisi, an individual, resides in the state of New Jersey. Defendant Schepisi is the Township Attorney for Defendant River Vale. Defendant Schepisi is being sued individually and in her official capacity.

8. Defendant Dwight D. de Stefan, an individual, resides in the state of New Jersey. Defendant de Stefan is a member of Defendant's River Vale's Township Council. De Stefan is being sued individually and in his official capacity.

9. Defendant Glen Janonowski, an individual, resides in the state of New Jersey. Defendant Janonowski is a member of Defendant River Vale's Township Council. Defendant Janonowski is being sued individually and in her official capacity.

10. Defendant Mark Bromberg, an individual, resides in the state of New Jersey. Defendant Bromberg is a member of Defendant River Vale's Township Council. Defendant Bromberg is being sued individually and in his official capacity.

11. Defendant Denise Seig, an individual, resides in the state of New Jersey. Defendant Seig is a member of Defendant River Vale's Township Council. Defendant Seig is being sued individually and in her official capacity.

12. Defendant River Vale Board of Education is a municipal corporation with its principal place of business at 609 Westwood Ave, River Vale, New Jersey 07675.

13. Defendant Aaron Back, an individual, resides in the state of New Jersey. Defendant Back is the Chief of Police of Defendant River Vale's Police Department. Defendant Back is being sued individually and in his official capacity.

14. Defendant Robert Ryan, an individual, resides in the state of New Jersey. Defendant Ryan is a Sergeant in Defendant River Vale's Police Department. Defendant Ryan is being sued individually and in his official capacity.

15. Defendant Lorraine Waldes, an individual, resides in the state of New Jersey. Defendant Waldes is the President of Defendant River Vale's Board of Education. Defendant Waldes is being sued individually and in her official capacity.

16. Defendant David Verducci, an individual, resides in the state of New Jersey. Defendant Verducci is the Superintendent of the River Vale Board of Education. Defendant Verducci is being sued individually and in his official capacity.

17. Defendant Kelly Ippolito, an individual, resides in the state of New Jersey. Defendant Ippolito is a Member of Defendant River Vale's Board of Education. Defendant Ippolito is being sued individually and in her official capacity.

18. Defendants John Doe 1-5 (said names being fictitious) are presently unknown individuals who harassed and/or retaliated against Dr. Matfus. Defendants John Doe 1-5 are being sued individually and in their official capacities, if any.

## FACTUAL BACKGROUND

19. Dr. Matfus has been a resident of River Vale since October 12, 1978.

20. Dr. Matfus was a Trustee of the River Vale Board of Education from May 2000 until November 2001.

21. Since approximately 1991, Dr. Matfus has been outspoken about numerous issues in River Vale. For example, but by no means by limitation, Dr. Matfus exercised his right to free speech and free association guaranteed by the First Amendment to the United States Constitution and by the New Jersey Constitution by repeatedly and publically:

   a. Expressing his opinion that Defendant River Vale was misusing public funds, including but not limited to excessive spending by Defendant River Vale School Board, and by paying an excessive salary to Defendant Back as Defendant River Vale's Chief of Police.

   b. Expressing his opinion that Defendants River Vale and River Vale Board of Education were not exercising proper judgment in their operations, were expending funds that were not conducive to proper representation of the town's taxpayers, were providing misleading information and preventing open discussion on issues, and using law enforcement to advance their needs.

   c. Opposing Executive and Senior Zoning that would become Residential in addition to Mixed Usage, which he believed would have been fiscally irresponsible and detrimental to the quality of life in River Vale since he believed it would permit excessive building and population growth, notably including building a golf course in River Vale;

   d. Complaining about violations of the Open Public Records Act, with respect to the failure to provide documents to the public in accordance with the Act;

e. Expressing his opinion that Defendants River Vale and River Vale Board of Education should permit members of the public to videotape Town Council Meetings, in accordance with the New Jersey Supreme Court's March 2007 ruling in *Tarus v. Borough of Pine Hill*.

f. Objecting to numerous acts of harassment and retaliation against him and others who spoke out and/or who opposed actions and/or decisions by Defendants River Vale and River Vale Board of Education;

g. Raising safety issues, such as issues relating to:

   i. The environmental impact of water running off a newly built River Vale's school into public roads;

   ii. The placement of telephone poles on newly built sidewalks that do not provide enough room for an individual in a wheel chair to use the sidewalk;

   iii. Asbestos and lead exposure;

   iv. School safety issues;

   v. Child abuse reporting;

   vi. Discrimination as a result of the segregation of children;

   vii. The disparity of resources allocated to Roberge Elementary School in comparison with the resources allocated to Woodside Elementary School;

   viii. Failure to provide equal opportunity to all children in the gifted and talented program, and then covering that up;

    h.  Filing a Criminal Complaint against Defendant de Stefan for assaulting him;

    i.  Alleging that Defendant Back had abused his authority by reviewing the Criminal State Record database indiscriminately;

    j.  Complaining about collusion within the River Vale Police Department; and

    k.  Objecting to River Vale withholding key information during public meetings.

  22.  The issues Dr. Matfus has publically raised in River Vale are matters of public concern.

  23.  Dr. Matfus' criminal complaint against de Stefan for assault constitutes a Petition of the local government, and is protected under the Petition Clause of the First Amendment, irrespective of whether it relates to a matter of public concern.

  24.  Since the early 1990's Defendants have engaged in a continuous, relentless and malicious campaign of retaliation against Dr. Matfus because of his speech and activities which are protected by the First Amendment and/or by the New Jersey Constitution. For example, but by no means by limitation, over the past one or two years, Defendants have harassed and retaliated against Dr. Matfus by:

    a.  On or about October 9, 2007, Defendant Schepisi contacted Care Plus NJ, Inc., and provided false and misleading information about Dr. Matfus in an effort to have him involuntarily committed to a psychiatric hospital. Based on Defendant Schepisi's false and misleading information, Care

        Plus had Dr. Matfus detained and questioned by the River Vale Police for approximately four hours, and then involuntarily held at Bergen Regional Medical Center until approximately the afternoon of October 11, 2007. Bergen Regional placed Dr. Matfus on a suicide watch for 48 hours, meaning that every 10 minutes a person came into his room and a light came on, which prevented him from sleeping for more than two straight days. Dr. Matfus' blood pressure was substantially elevated during his involuntary commitment at Bergen Pines.

b. Repeatedly and relentlessly harassing, ridiculing, defaming, insulting and disparaging Dr. Matfus in public meetings, conversations, emails, and numerous other ways, and threatening additional harassment, ridicule, defamation, insults and disparagement;

c. Contributing to a website, drquack.org, to publically ridicule and humiliate Dr. Matfus;

d. Defendant de Stefan and his wife, Kathleen Anesto, filing a meritless lawsuit against Dr. Matfus for defamation;

e. Filing unfounded complaints to professional licencing boards, causing investigations into Dr. Matfus' medical license, and directly and indirectly causing enormous financial harm to him and his medical practice;

f. Implementing and publically reading a Cease and Desist Order containing numerous false and disparaging statements about him;

  g. Installing a metal detector at Town Hall, expressly due to an alleged concern about Dr. Matfus, and selectively using the metal detector when he attends public meetings;

  h. One or more members of Defendant River Vale Board of Education calling the River Vale Police, claiming there was a suspicious car in the Board of Education's parking lot, thereby causing the police to question Dr. Matfus. On information and belief, Defendant Verducci and/or Defendant Ippolito was responsible for making this call to the police department;

  i. Falsely accusing him of removing someone else's political signs;

  j. Implementing and enforcing a five minute time limit on statements by members of the public during Town Council meetings;

  k. Slashing his tires;

  l. Stealing his car;

  m. Disseminating private medical information about him;

  n. Disclosing private information about his marriage;

  o. Maligning him to his wife; and

  p. Barring him and/or causing him to be barred from public and quasi-public locales, including local stores.

25. Defendants' acts of harassment and retaliation were not only intended to cause serious financial and emotional harm to Dr. Matfus, but also to stifle his speech, minimize his credibility and thereby weaken his message, and drive him out of River Vale.

26. Defendants' acts of harassment and retaliation have both directly and indirectly caused Dr. Matfus serious financial and emotional harm, and have stifled his speech, minimized his credibility and weakened his message.

27. Each of the Defendants participated in the retaliation and harassment, and were aware of additional acts of retaliation and harassment by others associated with River Vale against Dr. Matfus but refused and neglected to take any actions to stop the harassment and retaliation or to otherwise prevent future acts of harassment and retaliation to be taken against Dr. Matfus.

28. Defendants River Vale and River Vale Board of Education failed to adequately train, supervise and discipline the individual Defendants in such a way that it amounted to a deliberate indifference to the rights of individuals, including Dr. Matfus, who exercised their rights to freedom of speech, freedom of association, and the right to petition the local government.

29. The individual Defendants would not have taken the actions they took toward Dr. Matfus if they had been adequately trained, supervised and/or disciplined.

30. Defendants River Vale and River Vale Board of Education encouraged the acts of harassment and retaliation the individual defendants took toward Dr. Matfus and/or was deliberately indifferent regarding those acts.

31. The acts Defendants took against Dr. Matfus were willful, wanton and intentional, and in reckless disregard of his rights.

32. At all times pertinent hereto, the individual Defendants, as supervisors and agents of a public employer, were acting under color of state law, and deprived Dr. Matfus of rights,

privileges or immunities secured by the United States Constitution and the New Jersey Constitution, and are liable at law and equity, pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, including but not necessarily limited to the right of freedom of speech, the right to petition the state or local government, the right to freedom of association, and the right to due process of law.

## COUNT ONE
*(Violation of 42 U.S.C. § 1983)*

33. Plaintiff repeats and realleges each and every allegation set forth above, as if set forth at length herein.

34. Defendants' actions violated Dr. Matfus' rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution.

35. Defendants' actions constitute harassment and retaliation in violation of 42 U.S.C. § 1983.

## COUNT TWO
*(Violation of the New Jersey Civil Rights Act)*

36. Plaintiff repeats and realleges each and every allegation set forth above, as if set forth at length herein.

37. Defendants' conduct as set forth herein constitutes harassment and retaliation in violation of the New Jersey Civil Rights Act.

**WHEREFORE**, plaintiff seeks Judgment against the Defendants as follows:

    a. Compensatory damages, including past and future lost wages, salary, commissions, and employment benefits which Dr. Matfus lost as a result of defendants actions;

    b. Damages for emotional and physical injury and distress;

    c.    Damages for the harm to Dr. Matfus' professional and personal reputation;

    d.    An injunction and other equitable relief prohibiting further retaliation and harassment, and otherwise protecting Dr. Matfus' Constitutional rights;

    e.    Pre-and post-judgment interest;

    f.    Reasonable costs, including attorney's fees, expert witness fees and other costs incurred in connection with this litigation; and

    g.    Such other and further relief as this Court deems equitable and just under the circumstances.

## JURY DEMAND

The plaintiff hereby demands a trial by jury for all issues so triable.

**Resnick Nirenberg & Siegler**
*A Partnership of Professional Corporations*
100 Eagle Rock Avenue, Suite 3001
East Hanover, New Jersey 07936
(973) 781-1204
Attorneys for Plaintiff

Dated: December 7, 2007        By: /s Gerald Jay Resnick
                                         Gerald J. Resnick, Esq.